IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SCHIFTER,** : | |
| **Plaintiff** : | No: |
| : | |
| v. : | |
| : | **CIVIL ACTION - LAW** |
| **MARK CONRAD and CHRISTOPHER** : | |
| **ISBITSKI,** : | **JURY TRIAL DEMANDED** |
| **Defendants** : | |

## COMPLAINT

1. Plaintiff Michael Schifter is an adult individual currently residing at 50 Leggett Place, Staten Island, NY

2. Defendant Mark Conrad is an adult individual who at all relevant times was employed as a Corporal with the Pennsylvania State Police.

3. Defendant Christopher Isbitski is an adult individual who at all relevant times was employed as a Trooper with the Pennsylvania, State Police.

4. In the Fall of 2019, Plaintiff Michael Schifter relocated from New York to Las Vegas, Nevada to open a business dealing in small cash loans, gold purchasing, and engraving.

5. While in Las Vegas, Plaintiff made several purchases of silver coins as an investment.

6. After it became apparent to Plaintiff that his efforts to set up a new business in Las Vegas would not be successful, he decided to move back to New York.

7. Plaintiff rented an RV specialized for the transport of pets and began to drive the RV to New York along with his six dogs, his girlfriend Rose, $36,000 in cash, 8 cases of silver bullion coins, two boxes of silver coins and a brief case containing his

personal jewelry.

8. On February 17, 2020, while lawfully traveling Eastbound on Interstate 80 in Montour County, Pennsylvania, Plaintiff's vehicle was required to pull over to the shoulder of the road by Defendant Conrad who had pulled his State Police vehicle behind Plaintiff's RV and activated his emergency lights.

9. After Plaintiff had brought his RV to a stop, Defendant Conrad approached the driver's side window and directed Plaintiff to exit the vehicle.

10. Defendant Conrad then escorted Plaintiff toward the rear of the RV.

11. While standing at the rear of the RV, Defendant Conrad asked Plaintiff if it would be okay with Plaintiff if Conrad searched the RV.

12. Plaintiff indicated that he would not consent to a search of his RV.

13. Defendant Conrad then responded with words to the effect of "Oh we're tearing the hell out of this thing".

14. Defendant Conrad, along with Trooper Isbitski, a Trooper who had just arrived at the scene of the vehicle stop, then searched the RV for about 40 minutes without Plaintiff's consent.

15. While searching the interior of the vehicle, Isbitski and Conrad located and seized Plaintiff's cash, silver coin bullion, silver coins and brief case with jewelry.

16. The search turned up no contraband or evidence of a crime.

17. Nonetheless, Defendants Conrad and Isbitski seized Plaintiff's property, transported it to the State Police Barracks at Milton Pennsylvania and refused to return it to him despite the fact that on February 18, 2020, Conrad had independently confirmed with the manager at Nevada Coin and Jewelry that Plaintiff was a customer

who often purchased bulk silver.

18.  Without any basis in law or fact, the Defendants seized Plaintiff's property, held it for months and subjected it to criminal forfeiture.

19.  Plaintiff was not charged with any crimes whatsoever in relation to the vehicle stop or his seized property.

20.  Despite the fact that the Defendants' investigation revealed no connection between Plaintiff's seized property and any criminal activity, Defendants refused to return Plaintiff's property.

21.  Despite the fact that Plaintiff produced evidence showing that the seized property was his lawful property, the Defendants refused to return Plaintiff's property.

22.  The Defendants continued to retain Plaintiff's seized property giving Plaintiff no choice but to hire an attorney who filed a Motion for Return of Property in the Court of Common Pleas of Union County on May 7, 2020.  A true and correct copy of the Motion for Return of Property is attached hereto as Exhibit "A".

23.  The Motion for Return of Property was filed in Union County because Plaintiff believed he had been stopped on Interstate 80 in Union County; there being no criminal charges or even traffic ticket issued to him for the stop he concluded that he was in Union County at the time the stop occurred.

24.  Subsequently, on October 15, 2020, the Commonwealth of Pennsylvania, based upon information provided by Defendants, filed a Petition for Forfeiture and Condemnation in Montour County, Pennsylvania which contained false statements as to the basis for the vehicle stop and failed to set forth any legitimate legal or factual basis for the forfeiture and condemnation of Plaintiff's property.  A copy of the Petition is

attached hereto as Exhibit "B".

25. Plaintiff's Counsel filed an Answer to the Forfeiture Petition on November 12, 2020. A copy of the Answer is attached hereto as Exhibit "C".

26. Hearings on the issue of the forfeiture of Plaintiff's property were scheduled, but were continued at the request of the Commonwealth.

27. Ultimately, the Commonwealth realized there was no legal or factual basis for the vehicle stop, search, forfeiture and condemnation, finally relented, and agreed to the return of all of Plaintiff's property in June of 2021, approximately 16 months after the unjustified seizure.

28. On June 18, 2021, an Order was issued indicating that the Petition for Forfeiture and Condemnation was withdrawn and directing the return of Plaintiff's seized property. A copy of the Order is attached hereto as Exhibit "D".

29. By reason of the unlawful seizure and retention of his property, Plaintiff was denied the use of his personal property and cash for a period in excess of 16 months.

## COUNT I

### 42 U.S.C. § 1983, Unreasonable Stop and Seizure

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. At all times relevant to the allegations of this Complaint, Defendants were acting intentionally and under color of state law.

32. A vehicle stop and seizure is a seizure under the 4th Amendment and must be supported by reasonable suspicion or probable cause.

33. Defendants possessed absolutely no indicia of wrongdoing to justify the

intentional stop of Plaintiff's vehicle and the seizure of his person.

34. As indicated earlier in this Complaint Defendants subjected Plaintiff to an unreasonable stop and seizure in the absence of reasonable suspicion or probable cause by stopping his vehicle, ordering him out of it and making him stand towards the rear of the vehicle while they conducted an and exhaustive and approximately 40 minute long search of the vehicle during the approximately 50 minute long stop of the vehicle.

35. As a result of these actions, Plaintiff has suffered damages including attorney fees, loss of use his property for over 16 months, harm to his reputation, fear, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter Judgment against Defendants for monetary damages together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT II

## 42 U.S.C. § 1983, Unreasonable Search

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. At all times relevant to the allegations of this Complaint, Defendants were acting intentionally and under color of state law.

38. Under the Fourth Amendment, a warrantless search of a vehicle requires probable cause to believe that the vehicle contains evidence of crime.

39. Defendants possessed absolutely no evidence of criminal conduct to justify the intentional, intrusive, and warrantless search of Plaintiff's vehicle and the

subsequent seizure of his possessions and cash from the vehicle.

40. Additionally, the search revealed no contraband or evidence of criminal activity, but Defendants still seized and held Plaintiff's property and cash as indicated earlier in this Complaint.

41. As a result of these actions, Plaintiff has suffered damages including attorney fees, loss of use his property for over 16 months, harm to his reputation, fear, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter Judgment against Defendants for monetary damages together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT III

## 42 U.S.C. § 1983, Unreasonable Seizure of Property

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. At all times relevant to the allegations of this Complaint, Defendants were acting intentionally and under color of state law.

44. A seizure of property under the 4th Amendment occurs when there is some meaningful interference with an individual's possessory interests in that property and must be supported by a warrant or probable cause that indicates that the property has an immediately apparent incriminating character.

45. Defendants possessed no warrant and there was absolutely no evidence of wrongdoing to justify the seizure of Plaintiff's property and cash.

46. As indicated earlier in this Complaint Defendants subjected Plaintiff's property and cash to an unreasonable seizure, holding it for over 16 months and forcing him to hire an attorney in order to obtain its return.

47. As a result of these actions, Plaintiff has suffered damages including attorney fees, loss of use his property for over 16 months, harm to his reputation, fear, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter Judgment against Defendants for monetary damages together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

**SCHEMERY ZICOLELLO**

By: ___s/Michael J. Zicolello___
Michael J. Zicolello
I.D. #65522
Joshua J. Cochran
I.D. #206807
Attorneys for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: mike@sz-law.com
Email: josh@sz-law.com