# EXHIBIT C

IN THE COURT OF COMMON PLEAS OF MONTOUR COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| v. | : | CV-332-2020 |
| | : | |
| $36,000.00 UNITED STATES CURRENCY, EIGHT CASES OF SILVER COIN BULLION, TWO CASES OF SILVER COINS, AND BRIEFCASE OF MISCELLANEOUS JEWELRY, | : | ANSWER TO FORFEITURE PETITION |
| Defendant | : | |

## ANSWER TO PETITION FOR FORFEITURE AND CONDEMNATION
## and
## REQUEST FOR RELEASE OF SEIZED PROPERTY

NOW COMES, Michael Schifter, Respondent and owner of property in dispute, by and through his counsel, Kyle W. Rude, Esquire, who files the within Answer and Request and, in support thereof, asserts:

1. Respondent, Michael Schifter, does not know the identity of the affiant as he had contact with many troopers but only was provided the identity of Corporal Mark Conrad.

2. Respondent is the owner of the property that was illegally seized by the Commonwealth, purportedly pursuant to 42 Pa.C.S.A. §5801.

3. Admitted. By way of further answer, Respondent identifies the property seized as $36,000.00 United States Currency, Five thousand Silver one-ounce coins, various rare coins, approximately $800 in rolled one (1) dollar coins, a jewelry box with gold, platinum, diamond and silver jewelry.

4. Admitted. Respondent maintains that the property was illegally seized.

5. Admitted. Respondent holds the right, title and interest in the property.

6. Admitted.

7. Respondent denies that the property is legally subject to forfeiture and condemnation.

    a. Respondent denies that he violated any provisions of the vehicle code. By way of further answer, the registration of the white Recreational Vehicle is BRR3672.

    b. Respondent denies that he was driving well below the speed limit. Respondent further denies that he continued for a significant distance after he noticed the lights of the state police vehicle.

    c. Respondent denies that his dogs were barking to degree that interfered with his conversation with Corporal Conrad.

    d. Respondent provided Corporal Conrad with all required documentation regarding the RV.

    e. Admitted. By way of further answer, Respondent will provide details of his failed business activities in Las Vegas, Nevada.

    f. Admitted. By way of further answer, Respondent will provide details of his failed business activities in Las Vegas, Nevada and his reasons for returning to New York.

    g. Admitted.

    h. Admitted.

    i. Admitted.

j. Denied. By way of further answer, Respondent was found not guilty of some of the alleged crimes listed.

k. Respondent cannot answer this paragraph because he was not involved in the discussions and demands proof thereof.

l. Denied. By way of further answer, Respondent was detained longer than necessary without probable cause for a violation of the vehicle code.

m. Denied. Respondent demands proof thereof.

n. Denied. Respondent did not lie to the troopers about the cargo area of the RV. Respondent did not advise the trooper that the amount money as $20,000.

o. Admitted that Respondent's property was stored in amounts and packaged as generally described.

p. Denied that there was anything odd about Respondent transporting his property. It is further denied that there were any criminal indicators.

q. Denied that Respondent did not advise the troopers as to the origin of the money that allowed him to purchase the silver. Respondent also denies that he did not advise the troopers as to the origin of the money and from where the cash was received.

r. Respondent is not aware of the cash scan by K9 Astor nor the results and demands proof thereof. Respondent further denies that he was proved a detailed receipt of all the property seized.

s. Denied. By way of further answer, Respondent was not convicted of possessing any counterfeit currency.

t.  Respondent is not aware of any conversations between Corporal Conrad and the manager of Nevada Coin and Jewelry. By way of further answer, Respondent's investments in silver were all legal transactions and in no way associated with illegal narcotics activity.

u.  Respondent has not been provided the receipts sent from Nevada Coin and Jewelry. Respondent believes that dates and amounts listed in this paragraph are not accurate.

v.  Respondent admits to investing in silver bullion coins with monies he received from a loan on his residence.

w.  Denied. Respondent denies receiving a $1,000,000.00 loan on January 26, 2019 for his residence. Respondent demands proof of this loan and of any information provided by an alleged "reliable confidential source".

x.  Respondent denies laundering money.

y.  Respondent is not aware of the ion scan results and demands proof thereof. By way of further answer, the cash seized from him was from a bank withdrawal from the Bank of America, Las Vegas, Nevada.

8.  Respondent denies that the property seized was furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substance, Drug, Device and Cosmetic Act. Respondent denies that the property seized are proceeds traceable to an exchange of a controlled substance. Respondent denies that the property seized was used or intended to be used to facilitate any violation of or is otherwise subject to forfeiture under the Controlled Substance, Drug, Device, and Cosmetic Act.

## REQUEST FOR RELEASE OF SEIZED PROPERTY
### Pursuant to 42 Pa.C.S.A. §5805(f)

9. Respondent has provided documentation to the Commonwealth establishing his possessory interest in the seized property.

10. Respondent is a resident and is an owner of a residence situate at 50 Leggett Place, Staten Island, New York.

11. The continued possession by the Commonwealth pending the final disposition of the forfeiture proceeding will cause substantial hardship to Respondent as he will not be able to meet the obligations of the loan taken out on his residence.

12. If Respondent defaults on this loan, he will lose his residence and be homeless or be a burden on his father.

13. The Commonwealth has not presented sufficient proof that the seized non-cash property is contraband, proceeds from the violation of law, particularly suited for use in illegal activities or likely to be used to commit criminal acts.

14. Other than the alleged ion scan results, the Commonwealth has not presented any proof that the cash seized is contraband, proceeds from the violation of law, particularly suited for use in illegal activities or likely to be used to commit criminal acts.

WHEREFORE, Respondent prays this Honorable Court schedule a prompt hearing and direct the Commonwealth to release the property seized to

Respondent pending completion of the forfeiture proceeding.

                Respectfully submitted,

                SCHEMERY ZICOLELLO, P.C.

                */s/ Kyle W. Rude*

                Kyle W. Rude, Esquire
                ID No. 69015
                Attorney for Petitioner
                333 Market Street
                Williamsport, PA 17701
                (570)321-7554 (T)
                (570)321-7845 (F)
                kyle@sz-law.com

## VERIFICATION

I hereby state and aver that I have read the foregoing document which has been drafted by my counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of counsel, and, to the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification.

This statement is made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false statements, I may be subject to criminal penalties.

*Michael Schifter / KWR*
Michael Schifter

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**SCHEMERY ZICOLELLO, P.C.**

*Kyle W. Rude*

Kyle W. Rude, Esquire
Attorney for Movant
I.D. #69015

## CERTIFICATE OF SERVICE

I, Kyle W. Rude, Esquire, certify that a true and correct copy of the within Answer and Request for Release of Property was served upon:

Andrew J. Jarbola, IV, Esquire    United States Mail
Deputy Attorney General
Office of Attorney General
2515 Green Tech Drive
State College, PA 16803

ajarbola@attorneygeneral.gov    Email

*Kyle W. Rude*

Kyle W. Rude, Esquire
ID No. 69015
Attorney for Movant