IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SCHIFTER, : | | |
| Plaintiff : | No. | 4:21-CV-1622 |
| : | | |
| v. : | Judge Brann | |
| : | | |
| MARK CONRAD *and* : | **Electronically Filed Document** | |
| CHRISTOPHER ISBITSKI, : | *Complaint Filed 09/20/21* | |
| Defendants : | | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, hereby submit this Answer and Affirmative Defenses to the Complaint in this action filed by Plaintiff Michael Schifter.

1. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 4 of the Complaint.

5. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the Complaint.

6. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 6 of the Complaint.

7. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint to the extent Plaintiff is alleging facts that purport to challenge the legal basis for the traffic stop, and otherwise admit the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint as incomplete.

10. Defendants deny the allegations in paragraph 10 of the Complaint as incomplete.

11. Defendants deny the allegations in paragraph 11 of the Complaint as incomplete.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint as incomplete.

15. Defendants deny the allegations in paragraph 15 of the Complaint as incomplete.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint as incomplete.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants admit the allegations in paragraph 25 of the Complaint.

26. Defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff's property was returned and otherwise deny the allegations in paragraph 27 of the Complaint.

28. Defendants admit that a document purporting to be an Order from the Court of Common Pleas, Montour County is attached to the Complaint as Exhibit D, which document is in writing and speaks for itself, and otherwise deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants repeat and reallege paragraph 1 through 29 as if fully set forth herein.

31. The allegations in paragraph 31 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 31.

32. The allegations in paragraph 32 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. The allegations in paragraph 34 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 34.

35. The allegations in paragraph 35 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 35.

36. Defendants repeat and reallege paragraph 1 through 35 as if fully set forth herein.

37. The allegations in paragraph 37 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 37.

38. The allegations in paragraph 38 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. The allegations in paragraph 41 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 41.

42. Defendants repeat and reallege paragraph 1 through 41 as if fully set forth herein.

43. The allegations in paragraph 43 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 43.

44. The allegations in paragraph 44 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. The allegations in paragraph 47 of the Complaint purport to state a legal conclusion to which no response is required and, to the extent a response is required, Defendants deny the allegations in paragraph 47.

## **AFFIRMATIVE DEFENSES**

In addition to the responses provided above, Defendants assert the following affirmative defenses:

1. The Complaint fails to state claims upon which relief may be granted against Defendants.

2. Claims against state officials in their official capacities, for monetary damages are treated as suits against the state and are barred by the Eleventh Amendment.

3. Plaintiff has failed to aver facts to establish each Defendant's personal involvement in this matter and allow for personal liability.

3. Defendants acted at all times with the good-faith belief that their conduct was lawful and are therefore immune from liability by virtue of qualified or other immunity.

4. Plaintiff is unable to establish liability of Defendants through a theory of respondeat superior or vicarious liability.

5. Plaintiff is not entitled to some or all of the damages he seeks.

6. Some or all of Plaintiff's claims are barred by the doctrines of Res Judicata, Collateral Estoppel, Issue Preclusion and/or Claim Preclusion.

7. Some or all of Plaintiff's claims may be barred by an applicable statute of limitations.

8. Defendants reserve the right to add additional affirmative defenses as they arise.

                                        **Respectfully submitted,**

                                        **JOSH SHAPIRO**
                                        **Attorney General**

                         **By:**   *s/ Alexander T. Korn*
                                        **ALEXANDER T. KORN**

**Office of Attorney General**         **Deputy Attorney General**
**15th Floor, Strawberry Square**    **Attorney ID 323957**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**            **KAREN M. ROMANO**
                                            **Chief Deputy Attorney General**
[akorn@attorneygeneral.gov](mailto:akorn@attorneygeneral.gov)          **Civil Litigation Section**

**Date: December 27, 2021**            **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SCHIFTER,** | : | |
| Plaintiff | : | No.   4:21-CV-1622 |
| | : | |
| v. | : | Judge Brann |
| | : | |
| **MARK CONRAD** *and* | : | **Electronically Filed Document** |
| **CHRISTOPHER ISBITSKI,** | : | *Complaint Filed 09/20/21* |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on December 27, 2021, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

## VIA ELECTRONIC FILING

**Joshua J. Cochran, Esquire**
**Michael Zicolello, Esquire**
**Schemery Zicollello**
**333 Market Street**
**Williamsport, PA  17701**
josh@sz-law.com
mike@sz-law.com
*Counsel for Plaintiff*

      *s/ Alexander T. Korn*
      **ALEXANDER T. KORN**
      Deputy Attorney General