IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SCHIFTER, | No. 4:21-CV-01622 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MARK CONRAD and CHRISTOPHER ISBITSKI, | |
| Defendants. | |

## ORDER

**JUNE 2, 2022**

**BACKGROUND:**

Invoking 42 U.S.C. § 1983, Plaintiff Michael Schifter sued Pennsylvania State Police Troopers Mark Conrad and Christopher Isbitski for arresting Schifter and seizing the money, coins, and jewelry in his car following a traffic stop.[1] After the Court received the Troopers' Answer and issued its standard case management plan,[2] the Troopers submitted their initial requests for production ("RFPs"), seeking, among other things, information regarding Schifter's income from 2018

---

[1] Doc. 1; *see also id*. ¶¶ 7, 12, 15, 16 (alleging that the Troopers conducted a warrantless search of Schifter's RV that "turned up no contraband or evidence of a crime," but nevertheless arrested Schifter and seized "$36,000 in cash, 8 cases of silver bullion coins, two boxes of silver coins and a brief case containing [Schifter's] personal jewelry").

[2] Doc. 7; Doc. 11.

through 2021 and the source of Schifter's money the Troopers seized.[3] Schifter objects to these requests, arguing they are overly broad, unduly burdensome, and seek "information that is irrelevant and immaterial."[4] The Troopers respond that these requests seek information relevant to the truthfulness of certain representations Schifter made in his court filings and to the issue of damages.[5] The Court agrees with the Troopers.

Federal Rule of Civil Procedure 26(b) outlines the parameters of discoverable information: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[6] Relevant here, this section provides that information and materials "need not be admissible in evidence to be discoverable,"[7] and, unlike the required disclosure provisions of Rule 26(a), it does

---

[3] *See* Doc. 13-3, Ex. C (Defendants' RFPs) ¶ 1 (requesting "[d]ocuments sufficient to identify any and all income earned by [Schifter] for each year from 2018 through 2021 (examples could include tax filings, W-2 Forms, or other wage or salary documentation)"), 5 (requesting "[a]ll documents reflecting any and all payments made by or on behalf of [Schifter] in satisfaction of the 'loan' reflected in paragraph 5 of Exhibit A to the Complaint and at pages 10–12 of Exhibit A (Doc. 1-1)"), 6 (requesting "[a]ll documents reflecting the source of funds used to make the payments identified in 5 above").

[4] Doc. 13-4 (Schifter's Objections to Defendants' RFPs); *see also id.* ¶¶ 1, 5–6 ("The only relevant issues in this suit are what was known to [the] Defendants up to the time it was ultimately decided by the Commonwealth to rightfully return [Schifter's] property to him more than 16 months after it was unlawfully seized.")

[5] Doc. 13 at 3 (asserting that Schifter cannot recover damages associated with the seizure of property he obtained through criminal activity).

[6] Fed. R. Civ. P. 26(b)(1).

[7] *Id*.

not exempt from disclosure information to be used "solely for impeachment."[8] Accordingly, when a defendant submits a discovery request seeking impeachment evidence, a plaintiff must produce all responsive, non-privileged documents and information.[9]

This case concerns an arrest and asset seizure based on Schifter's possession and transport of a highly suspicious collection of goods: tens of thousands of dollars in cash, boxes of rare silver coins, and a briefcase full of jewelry.[10] In his court filings, Schifter has made various representations regarding the source of these goods.[11] The documentation the Troopers seek regarding these representations may well be relevant substantively to the issue of damages; that

---

[8] *Compare* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring disclosure of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, *unless the use would be solely for impeachment*") (emphasis added), *with* Fed. R. Civ. P. 26(b)(1) (detailing "Scope in General" of discoverable information; no mention of evidence "solely for impeachment").

[9] *See Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 437 (D. Md. 2006) ("A specific discovery request makes impeachment evidence discoverable."); *see also Marinkovic v. Battaglia*, 2017 WL 6729756, at *2 (W.D. Pa. Oct. 20, 2017) (rejecting plaintiff's claim that he "is not required to produce [certain evidence] because he intends to use them only for impeachment purposes," explaining that "[w]hile this is accurate with respect to [the] Plaintiff's obligation to provide *initial disclosures* under Rule 26, Rule 34 does not contain any exception for materials intended to be used only for impeachment purposes").

[10] Doc. 1 ¶ 7.

[11] *See, e.g.*, Doc. 1-1, Ex. A (Schifter's Motion for Return of Property) ¶ 5 ("[Schifter] holds the right, title and interest in the property as the jewelry in the box were from personal purchases and gifts from others, the thirty-six thousand ($36,000) dollars in United States Currency was part of a loan and the five thousand rare collectible silver 1-ounce coins and various rare coins were purchased in Las Vegas, Nevada by using funds from the aforementioned loan proceeds.").

remains to be seen. Regardless, the documents bear directly on the truthfulness of Schifter's claims and therefore of Schifter himself. Put differently, at a minimum, these requests seek discoverable impeachment evidence.[12]

**AND NOW**, **IT IS HEREBY ORDERED** that:

1. Schifter's objections to the Troopers' RFPs Nos. 1, 5, and 6 (Doc. 13-4) are **OVERRULED**.

2. Schifter shall respond to the Troopers' RFPs Nos. 1, 5, and 6 (Doc. 13-3) and produce the requested non-privileged documents on or before June 30, 2022.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *See Newsome*, 437 F. Supp. 2d at 437.